**In re John A. SHORTER, Respondent.**

**No. 91–1521.**

District of Columbia Court of Appeals.

Submitted Jan. 2, 1992.
Decided Feb. 25, 1992.

Before ROGERS, Chief Judge, and PRYOR and MACK, Senior Judges.

PER CURIAM:

Petitioner, John A. Shorter, Jr., was disbarred effective January 10, 1986, by order of this court dated February 21, 1990. On January 2, 1991, he filed a petition for reinstatement pursuant to Section 16(d) of Rule XI of the Rules of this Court. By report of November 14, 1991, the D.C. Board on Professional Responsibility recommended that petitioner should be reinstated. Separate opinions filed on behalf of three members of the Board recommended that certain conditions be imposed for a limited period in connection with petitioner's reinstatement. Bar Counsel has opposed the unconditional reinstatement of petitioner.

In seeking reinstatement, petitioner asserts that he is "fit to resume the practice of law," D.C. Bar R. XI, Section 21(6). He also has acknowledged in his brief before the Board "the propriety of imposing certain conditions on his reinstatement" in view of the nature of his misconduct, and stated that he is "willing to abide by any conditions that are placed on his reinstate-

ment." Specifically, petitioner suggested that "his reinstatement be made contingent upon his continued participation in Gamblers Anonymous" as monitored by Ms. Makepeace, and that "the issue of Petitioner's taxes could be dealt with in a similar fashion."

Having reviewed the record, which is summarized in the Board's Report of November 14, 1991 at 4–15, the Court is satisfied that petitioner has met his burden to show that he is fit to resume the practice of law. *In re Roundtree*, 503 A.2d 1215 (D.C.1985). Because petitioner's disciplinary problems arose from intangible, psychological problems that are not susceptible to correction by his taking concrete steps such as those in *In re Roundtree*, the Court concludes that the most likely way to assure that petitioner will not commit future disciplinary violations of the kind for which he was disbarred is to continue in effect for a period of five years, or such lesser period as the court may order upon petition by petitioner, three conditions. Those conditions are that petitioner shall (1) continue attending weekly meetings of Gamblers Anonymous at least once a week, (2) receive counseling from Ms. Makepeace at least once a month, and (3) agree to a procedure for monitoring the payment of his federal and District of Columbia income taxes.

Accordingly, the petitioner shall be, and hereby is, reinstated as a member of the Bar of this court for a five year period, or such lesser period as the court may order upon petition of the petitioner, subject to three conditions, to wit: petitioner shall (1) continue attending weekly meetings of Gamblers Anonymous at least once a week, (2) receive counseling from Ms. Makepeace at least once a month, and (3) agree with Bar Counsel to a procedure for monitoring the payment of his federal and District of Columbia income taxes.